UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WILFREDO G. MADERA,

                              Plaintiff,

            - against -

KINGS COUNTY CRIMINAL TERM
SUPREME COURT OF NEW YORK;
DISTRICT ATTORNEY KINGS COUNTY;
CHILDREN AND FAMILY SERVICES; and
RHONDA JACKSON, ACS,

                              Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-4402 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Wilfredo G. Madera brings the instant *pro se* Complaint, alleging federal question

jurisdiction, against Kings County Criminal Term Supreme Court of New York ("Kings County

Supreme Court"), District Attorney Kings County ("Kings County DA"), Children and Family

Services, and Rhonda Jackson of ACS.[1]  (Dkt. 1, at 4.)  Plaintiff's request to proceed *in forma*

*pauperis* ("IFP") is granted.  For the reasons discussed below, the action is dismissed.

## BACKGROUND

Plaintiff appears to allege claims for slander, false arrest, and ineffective assistance of

counsel based on a 2005 criminal conviction in state court under case number 6419/05.  (*See* Dkt.

1, at 5 (Plaintiff writing "slander law[]suit . . . wrongfully arrest[ed] ind[ict]ment . . . 6419/05 [sic]"

in the section for "amount in controversy"); Dkt. 1-1, at ECF[2] 7 (requesting an order granting

---

[1] The Court assumes "ACS" refers to New York City's Administration for Children's
Services.  *See* https://nyc.gov/site/acs/index.page (last visited on July 26, 2023).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing
system and not the document's internal pagination.

"[p]etittion [sic]/motion/claim for perjury/ineffected [sic] counsel".)  Plaintiff attached hundreds

of pages of documents related to case number 6419/05 in the Supreme Court of the State of New

York, Kings County.  (*See generally* Dkt. 1-1.)[3]

Plaintiff's documents show that in 2005, Plaintiff was indicted for sexually abusing one of

his minor children ("Child 1") (*id.* at ECF 49), based on allegations by his ex-wife and his minor

child (*id.* at ECF 10–11).[4]  Plaintiff then pled guilty to the offense on March 27, 2006.  (*Id.* at ECF

56–57 ("THE COURT: . . . Mr. Madera, just so we understand each other, you're admitting to

guilt here.  THE DEFENDANT: Yes, I am.").)  In exchange for his guilty plea, Plaintiff was

sentenced to six years of probation, mandated to complete a sex offender program and register as

a sex offender, and had an order of protection entered against him.  (*Id.* at ECF 54–62.)  In 2009,

Plaintiff violated the terms of his probation and the court imposed a one-year sentence.  (*Id.* at 38.)

Several years later, in December 2016, Child 1 appears to have admitted that they fabricated the

sexual abuse allegations against Plaintiff to "help [Child 1's] mom by getting [their] father out of

the house" because "[t]here was a lot of domestic violence in [thei]r household[.]"  (Dkt. 1-1, at

ECF 40.)  Plaintiff now brings claims for slander, false arrest, and ineffective assistance of counsel

against the District Attorney's Office that prosecuted him, the state court where he was prosecuted,

and the agency and case worker involved with the underlying Family Court proceedings.

---

[3] The Court has sealed these documents because they contain the names of minor children.

[4] Plaintiff appears to claim that he did not know which of his minor children was the subject
of the indictment and charge. (*See* Dkt. 1-1, at ECF 81–82 (Plaintiff attesting that "I was never
informed that the Grand Jury was investigating any allegations related to [Child 1]" and that if he
had been informed, "I would have testified in the Grand Jury regarding the allegations of sexual
assault that were brought on behalf of [Child 1].").)  However, Plaintiff's own documents show
that he testified at the Grand Jury proceedings and knew they pertained to allegations made by
Child 1.  (*See* Dkt. 1-2, ECF 88 (transcript of Grand Jury proceedings with Plaintiff affirming that
he "understand[s] that the subject matter of this Grand Jury proceeding is an allegation made by
[Child 1] of a crime, which took place on December 25th of 2004").)

**STANDARD OF REVIEW**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021). In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of the claim against each named Defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim[.]").

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

The Court liberally construes Plaintiff's Complaint as raising three claims: (1) false arrest under Section 1983; (2) writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on ineffective assistance of counsel; and (3) slander under New York state law.  All three of Plaintiff's claims are dismissed without leave to amend.

**I.      Judicial Parties Have Immunity**

Defendants Kings County Supreme Court and the Kings County DA are protected by immunity.  Both Defendants are accordingly dismissed with prejudice from this action.

**A.      Kings County DA Cannot Be Sued**

A district attorney's office is not a suable entity.  *See, e.g.*, *Barreto v. County of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (finding a county district attorney's office is "not an entity capable of being sued") (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 535–36 (2d Cir. 1993)); *Griffin v. Kings Cnty. District Att'y's Off.*, No. 20-CV-2387 (AMD) (LB), 2020 WL 5211049, at *2 (E.D.N.Y. Aug. 31, 2020) ("The Kings County District Attorney's Office is not a suable entity.").   Moreover, Plaintiff is advised that prosecutors are entitled to absolute immunity for their acts that are intimately associated with the judicial phase of the criminal process and their role as advocates.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process . . . are absolutely immune from liability in § 1983 lawsuits." (internal citation and quotation marks omitted)); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976))).  Accordingly, Plaintiff's claim against the Kings County DA is dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).

**B.      Kings County Supreme Court is Immune from Suit**

Plaintiff's claim against the Kings County Supreme Court must be dismissed as barred by sovereign immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation and quotation marks omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the state's immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Kings County Supreme Court is part of the New York State Unified Court System and therefore the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See, e.g.*, *Gollomp*, 568 F.3d at 368 (holding that the "New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." (internal citation and quotation marks omitted)); *Cass v. U.S. Dist. Ct., E. Dist. of N.Y.*, No. 20-CV-6071 (KAM), 2021 WL 1124540, at *5 (E.D.N.Y. Mar. 24, 2021) (dismissing claims against the United States District Court for the Eastern District of New York, the New York State Supreme Court, and the Appellate Division-Second Department); *Griffin*, 2020 WL 5211049, at *2 (dismissing claims against Kings County Criminal Court). Therefore, Plaintiff's claim against the Kings County Supreme Court is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**II.      False Arrest Claim**

Although Plaintiff did not name the officer(s) involved in his arrest as defendants in this case, his claim for false arrest fails for multiple reasons. First, Plaintiff was arrested in 2005, and, according to documents he attached to the Complaint, he pled guilty to the charges against him (Dkt. No. 1-1, at 54–62). His guilty plea therefore precludes a finding in his favor on any potential false arrest claims. *See Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996) ("[C]ommon law

principles preclude a challenge to the validity of an arrest after a guilty plea, for purposes of a civil suit under 42 U.S.C. § 1983."); *Tretola v. County of Nassau*, 14 F. Supp. 3d 58, 68–69 (E.D.N.Y. 2014) ("[A] guilty plea . . . is fatal to a false arrest claim . . . . because such a plea, in essence, bars the supposedly aggrieved party from alleging the absence of sufficient grounds for his or her arrest.").    Second, Plaintiff's false arrest claim is time-barred.    "For false arrest and false imprisonment—the 'former' of which 'is a species of the latter'—th[e] limitations period begins to run when the alleged false imprisonment ends." *Dorsainvil v. City of New York*, No. 19-CV-02323 (RPK), 2020 WL 6482348 at *3 (E.D.N.Y. Nov. 4, 2020) (citing *Wallace v. Kato*, 549 US. 384, 388 (2007)).  And "where the arrest is followed by criminal proceedings," the false arrest and imprisonment ends when "the claimant becomes detained pursuant to legal process." *Id.*  Here, Plaintiff was arrested on August 24, 2005 (Dkt. 1-1, at ECF 47), suggesting that his Section 1983 false arrest claim accrued on or about that date.  Thus, his false arrest claim is time barred because it was filed well over a decade after the three-year statute of limitations period ran.  Plaintiff's false arrest claim must accordingly be dismissed.

## III.    Ineffective Assistance of Counsel Claim

Although Plaintiff did not name his former attorney(s) as defendants in this case, to the extent Plaintiff is bringing a habeas petition based on ineffective assistance of counsel, Plaintiff is not "in custody" within the meaning of 28 U.S.C. § 2254.   "A federal court has jurisdiction to consider a petition for a writ of habeas corpus on 'behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.'"  *Davis v. Nassau County*, 524 F. Supp. 2d 182, 187 (E.D.N.Y. 2007) (quoting 28 U.S.C. § 2254).  Although "[p]hysical confinement is not necessary to satisfy the 'in custody' requirement[,]" and being on parole or supervised release is considered to be "in custody"—the petitioner does have to be in custody *at the time his petition is filed.*" *Id.*

Here, Plaintiff's pleadings show that he is no longer "in custody" for the purposes of a Section 2254 habeas petition and has not been for over a decade.  (*See* Dkt. 1-1, ECF 47 (indicating probation ended in 2012).)  *See also Davis*, 524 F. Supp. 2d at 187 (explaining that "the sex offender registration requirement that resulted from [petitioner's] underlying conviction" does not constitute a restraint that satisfies the "in custody" requirement for habeas review).  Thus, Plaintiff's ineffective assistance of counsel claim is dismissed for lack of jurisdiction.

## IV.    State Law Slander Claim

Finally, Plaintiff appears to raise a slander claim against Defendants under New York state law.  (*See* Dkt. 1, at 5 (Plaintiff writing "slander law[]suit" in the section for "amount in controversy").)  Whether to exercise supplemental jurisdiction over a state law claim "is within the sound discretion of the district court."  *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)).  "Courts consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" in order to decide whether to exercise supplemental jurisdiction."  *Id.* at 117–18 (citation and internal quotation marks omitted).  These factors "counsel against hearing state law claims when the federal claims against a party are dismissed at an early stage in the litigation."  *Heard v. MTA Metro-N. Commuter R.R. Co.*, No. 02-CV-7565 (JGK), 2003 WL 22176008, at *3 (S.D.N.Y. Sept. 22, 2003) (citation omitted).  Thus, the Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's slander claim because all claims over which the Court has original jurisdiction have been dismissed.[5]  28 U.S.C. § 1367(c)(3).

---

[5] Plaintiff's slander claims against Defendants are further dismissed for failure to state a claim because "New York has traditionally accorded an absolute privilege to oral or written communications made in the course of judicial proceedings and which relate to the litigation." *D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 216 (E.D.N.Y. 2012). "Consequently, a statement

## V.       No Leave to Amend

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).   "However, 'leave to amend a complaint may be denied when amendment would be futile.'"  *Id.* (quoting *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)); *see also Trombetta v. Novocin*, 414 F. Supp. 3d 625, 634 (S.D.N.Y. 2019) ("Nevertheless, leave to amend is not warranted where it would be futile." (citation and quotation marks omitted)).   Specifically, "[a]mendment is futile when '[t]he problem with [a plaintiff's] causes of action is substantive' and 'better pleading will not cure it.'"  *Trombetta*, 414 F. Supp. 3d at 634 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Jones v. County of Suffolk*, 236 F. Supp. 3d 688, 702 (E.D.N.Y. 2017) ("[I]f amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied.").

Here, the Court denies Plaintiff leave to file an amended complaint because his federal claims all suffer from substantive defects that cannot be cured by repleading.   First, Plaintiff's false arrest claim fails because it is undisputed that he pled guilty to the indictment.   (Dkt. 1-1, at ECF 56–57 ("THE COURT: . . . Mr. Madera, just so we understand each other, you're admitting to guilt here.   THE DEFENDANT: Yes, I am.").)   Thus, his false arrest claim is substantively deficient and cannot be cured.  *See Tretola*, 14 F. Supp. 3d at 68–69 ("[A] guilty plea . . . is fatal

---

made [during] a judicial proceeding is absolutely privileged under New York common law so long as it is considered material and pertinent to the litigation."  *Id.* (citing *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 146 (E.D.N.Y. 2010)).   The absolute privilege applies to every step of the judicial proceeding and "attaches to witnesses as well as judges, parties, and attorneys."  *D'Annunzio*, 876 F. Supp. 2d at 216–17 (citing *Weitz v. Wagner*, No. 07-CV-1106, 2008 WL 5605669 (ERK) (ETB), at *7 (E.D.N.Y. July 24, 2008)).   Although Plaintiff does not specify which of Defendants' statements he alleges to be slander, his claim appears to be based on his state court criminal proceedings.   Thus, Plaintiff's slander claim is further dismissed because statements made in the course of judicial proceedings are privileged.  *See D'Annunzio*, 876 F. Supp. 2d at 216.

to a false arrest claim . . . . because such a plea, in essence, bars the supposedly aggrieved party from alleging the absence of sufficient grounds for his or her arrest.")   Second, Plaintiff's ineffective assistance of counsel claim is futile because he has not been "in custody" for over a decade.  (Dkt. 1, at ECF 1 (indicating Plaintiff's current address is a private residence); Dkt. 1-1, at ECF 47 (indicating Plaintiff's parole ended in 2012).)  *See Davis*, 524 F. Supp. 2d at 187 (explaining that habeas petitioner has to be "in custody" "at the time his petition is filed").

Accordingly, the flaws in Plaintiff's federal claims are substantive, and leave to amend is denied for being futile.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, solely for purposes of this Order.  For the reasons stated above, Plaintiff's claims are dismissed in their entirety.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 26, 2023
       Brooklyn, New York

9